UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| N.S., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | C.A. # 1:23-cv-848 |
| ) | |
| PRINCE WILLIAM COUNTY ) | |
|   SCHOOL BOARD, *et al.,* ) | |
| ) | |
|    Defendants. ) | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SHOW CAUSE ORDER

This suit by a former Prince William public junior high school student seeks damages against school officials for having knowingly suffered him to be victimized by homophobic bullying at school. Defendants' motions to dismiss have been denied in pertinent part, and the case is in discovery, ending March 14, 2025. Pursuant to FED. R. CIV. P. 45(g), plaintiff N.S. has moved for an order requiring witness Thomas Lyon to show cause why he should not be held in contempt of court for failing to respond properly to a subpoena *duces tecum* served upon him. In support of this motion, N.S., by counsel, respectfully represents as follows:

Certification of Attempt to Secure Voluntary Compliance With Subpoena

On January 2, 2025, the undersigned counsel contacted counsel for defendant Prince William County School Board regarding manifest gaps in the text messages produced by Mr.

Lyon in response to plaintiff's subpoena *duces tecum* in question.[1]  No response being forthcoming, a week later the undersigned emailed school board counsel, advising "I need to hear back from you regarding the incomplete production of documents by Thomas Lyon."  On information and belief, Mr. Lyon, who is teaching in the Prince William system, has at all times been readily available by phone and at the generic email address for school personnel.  Notwithstanding, as of this writing no further information has been forthcoming.[2]  On December 9, 2025, the undersigned confirmed with school counsel that this motion would be filed absent production (or satisfactory explanation).[3]  This is necessary given the centrality of the documentation at issue to N.S.'s claims and his forthcoming depositions.

Discussion

In this lawsuit, N.S., formerly a student at Ronald Reagan Middle School ("RRMS") who was bullied by homophobic fellow students, seeks damages from school authorities for having failed to act to prevent his known victimization – as defendant Christopher Beemer, RRMS principal, acknowledged to N.S.'s mother, for having "dropped the ball."  Defendants take the position that until N.S. filed a Title IX claim in June 2022, they did not know that he was gay and

---

[1] In the school board's December 4, 2024 disclosures, at 3, counsel for the school board directed that Mr. Lyon be contacted solely through school board counsel.

[2] School board counsel provided Mr. Lyon, as all recipients of N.S.'s subpoena, with exemplary instructions.  This is not a matter where counsel is the problem.

[3] The following day, counsel for N.S. also advised that the same problem had been identified with the response to the subpoena served on Margaret Power, another school witness.  Other participants in the Lyon and Power chats, also subpoenaed, produced nothing.  The extent of the problem having only recently come to light, the remaining cases will be raised with the Court if and as needed.

that the victimization of which he complained was homophobically based.

On December 12, 2024, N.S. served identical subpoenas *duces tecum* on numerous persons identified by defendants as possible witnesses, including Mr. Lyon. The subpoenas directed them to produce "ALL DOCUMENTS, including hard copy, emails, texts and all other forms of electronic communications, referring or relating to N.S. [name fully spelled out]" (emphasis in original). *See* Exh. 1.

Mr. Lyon's production was a single screen-shot comprising three texts in a group chat with three participants other than Mr. Lyon. *See* Exh. 2. The texts, addressing school-related matters and providing N.S.'s first name in full, were, on information and belief, not on a secured or approved school platform and likely posted in violation of the Family Education Records and Privacy Act ("FERPA"), as all the participants were RRMS personnel,. The verbatim texts read as follows:

Dec. 13, 2021: [N.S.] admitted he has bf and is holding hands.[4]

Dec. 9, 2022: I'm still under investigation for [N.S.] Just got an email

Dec. 9, 2022: The [N.S.] thing?

The above is 100% of what was produced by Mr. Lyon.

## Discussion

Mr. Lyon has produced three isolated texts, including one dated December 2021 going to the heart of defendants' defense, without providing anything for context or cause. It beggars belief that Mr. Lyon kept these three communications without the antecedent and resulting ones.

---

[4]"Bf" is conventional shorthand for boyfriend.

Why would anyone do that?  Manifestly there were emails or text messages explaining:

* Why Mr. Lyon wrote to or received from other school personnel in 2021 that N.S. "admitted" he had a boyfriend and was holding hands;

* What responses were received to the 2021 email;

* Why, one year later, he wrote or received a message that he was under investigation relative to N.S.'s case;

* What responses he wrote or received relative to said investigation;

* To what inquiry was "The N.S. thing?" message a response?

* What responses were received to the "N.S. thing?" text?

Mr. Lyon will be asked these questions in his deposition, currently scheduled for February 11, 2025 (assuming the Court approves N.S.'s pending motion to take more than five non-party depositions).  But he was required to produce "ALL DOCUMENTS," including texts, referring or relating to N.S., and it is hard to believe he has done so.  At best for Mr. Lyon, absent Mr. Lyon's cogent explanation of why he retained only these three texts regarding N.S., his production must be held to have been untenably incompetent and incomplete.

## Conclusion

For these reasons, N.S. respectfully requests the Court to order Mr. Lyon to show cause why he should not be held in contempt of court for failing to make proper production of documents.  If Mr. Lyon has a cogent explanation, he will be purged of any contempt.  If he does not, he should be directed to have a complete, adequate search conducted forthwith of his electronic devices for anything referring or relating to N.S., including not only messages that bear

N.S.'s name but related anteceding and subsequent communications that may not invoke N.S. by name.  If he cannot do so, he should be ordered to have this done professionally pursuant to an agreed protocol.[5]

Respectfully submitted,

N.S., by his mother and next friend,

MARY FRANCES CONLEY

By counsel

Dated: January 10, 2025

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Abigail S. Grand, #100578 (admission pending)
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
agrand@robinhoodesq.com
SimmsNS\Pleadings\2025-0110-MemMShowCauseLyon

---

[5] *See* n.3 at 2, *supra.*

<u>Certificate of Service</u>

I, Victor M. Glasberg, hereby certify that on this 10th day of January 2025, I electronically filed the foregoing Memorandum in Support of Plaintiff's Motion For Order to Show Cause with the clerk of the court.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for Plaintiff